(93 South. 198)

No. 25044.

### DODDS v. POPE.

(May 1, 1922. Rehearing Denied by Division A June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Statutes** ⬡➾64(7)—**Extraterritorial provisions of divorce statute disregarded as surplusage if what remains can be given effect.**

Conceding that Act No. 269 of 1916, § 1, authorizing married persons living separate and apart for seven years to sue for divorce "in the courts of the State of his or her residence," attempts to provide a cause of action or vest jurisdiction in courts outside the State, if what remains is sufficient for its operation within the State, the ultra vires matter could be ignored, and the act would not be unconstitutional.

2. **Divorce** ⬡➾4—**Statute held not unconstitutional as extraterritorial.**

Act No. 269 of 1916, § 1, providing that married persons living separate and apart for seven years may sue for divorce "in the courts of the State of his or her residence," provided such residence shall have been continuous for seven years, etc., is not unconstitutional as extraterritorial in its effect, but means that either party may sue in the courts of Louisiana of his or her residence; the phrase "of his or her residence" modifying "courts" and not "State."

Appeal from Civil District Court, Parish of Orleans; Columbus Reid, Judge.

Suit by Seymour B. Dodds against Anastasia Pope. From a judgment for plaintiff, defendant appeals. Affirmed.

Paul W. Maloney, of New Orleans, for appellant.

W. Alexander Bahns, of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Defendant appeals from a judgment granting plaintiff a divorce under Act 269 of 1916. Defendant attacks section 1 of said act as unconstitutional, upon the ground that it is extraterritorial in its effect. The section in question reads:

"That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, *in the courts of the State of his or her residence,* provided such residence shall have been continuous for the period of seven years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more."

We have italicized the words which defendants' counsel says gives to the section its extraterritorial character.

[1, 2] Granting that the language is susceptible of the construction contended for, in so far as it might attempt to provide a cause of action or vest jurisdiction in courts outside of this State, it would of course be without effect; but if, treating such provision as surplusage, what remains is found sufficient for its operation within the State, the act would not be unconstitutional, for the ultra vires matter would be ignored. However, we do not think that section is susceptible of such a meaning, at least, when we consider, as we must, that the Legislature intended to do a rational, rather than a futile, thing. What was meant by the phrase, "Either party to the marriage contract may sue, in the courts of the State of his or her residence" we think, was that the suit might be brought in the courts of this State wherein the plaintiff has had his or her residence, provided such residence within the State has been continuous for at least seven years. It will be noted that the word "State" is spelled with a capital S, as it should be when re-

ferring specifically to Louisiana and using the general or common noun in place of the proper noun. Both the phrases "of the State" and "of his or. her residence" were intended to modify the word "courts," and not that "State" should be modified by "of his or her residence." The words "period of seven years" are used three times in the section. First, the spouses must "have been living separate and apart for a period of seven years or more"; second, suit may be brought in the courts of their residence in the State "provided such residence shall have been continuous for the period of seven years," and the divorce "shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more." Succinctly stated, we think the law means that either spouse may, when he or she has lived apart from the other continuously for a period of seven years or more, sue in the courts of his or her residence within the State for an absolute divorce, provided the residence within the State and the living apart have both been continuous for a period of seven years.

For the reasons assigned the judgment of the lower court is affirmed, at the cost of the appellant.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.