BRUNOT, Justice.
 

 The defendant and his wife were living separate and apart. The defendant was charged, in the juvenile court, with deserting his wife without just cause and willfully neglecting to provide for her support. He was arraigned on said charge, pleaded not guilty, and the case was assigned for trial.
 

 On Monday, March 9, 1936, pursuant to the assignment, the case was called, whereupon the defendant, quoting from the court minutes of that date, “consented to pay to the Criminal Sheriff the sum of $14.00 every 1st and 15th of each month; first payment to be made March 15th, 1936, for support of his wife and defendant released on his own recognizance.” Thereafter the defendant secured the services of counsel and, on March 17, 1936, he filed in the juvenile court the following motion and rule upon his wife to show cause why the order of said court of March 9, 1936, condemning him to pay alimony for the support of his wife, should not be annulled and set aside:
 

 “On motion of Frederick C. Wenzel, herein appearing through undersigned counsel, and:
 

 “On suggesting to the court that your mover has been granted an absolute divorce from his said wife, plaintiff herein, on the 3rd day of December, 1935, by judgment rendered on said date under proceedings No. 8067, of the Chancery Court of Pike County, in the State of Mississippi; for the December term, 1935, a duly certified copy of said judgment of divorce being hereto annexed, and made part hereof, and
 

 “On further suggesting to the Court that the order rendered by this Honorable Court, on March 9, 1936, condemning your mover to pay alimony, is void, illegal, and contrary to law, and that said order should be recalled and set aside after due proceedings had.
 

 “Wherefore, your mover prays that the said Mrs. Aline A. Wenzel may be duly cited to appear at a time, and on a day to be fixed by this Honorable Court, .to show cause, if any she has, why the said order of this Honorable Court rendered on March 9, 1936, condemning your mover to pay alimony, should not be declared null and void and set aside.
 

 “And for all general and equitable relief.”
 

 The juvenile judge granted an order as prayed for in the rule and fixed March 26, 1936, at 10 o’clock a. m., as the date and hour of the hearing thereon, but, for some reason not disclosed by the record, the
 
 *811
 
 matter was not heard until May 26, 1936, on which date, after a full hearing, the juvenile judge rendered the following opinion and decree:
 

 “It appears that at the time this affidavit was filed, February 24th, 1936, the parties had been divorced, in fact a judgment of divorce rendered and a certified copy of said judgment of divorce under the Act of Congress having been produced, showing that they were divorced on the 11th day of December, 1935; It is ordered, adjudged and decreed, that the plea herein to set aside alimony judgment is made absolute and judgment rendered March 9th, 1936, is set aside.”
 

 Notice of intention to apply to this court for writs was thereupon given, the application for certiorari, mandamus, and prohibition was filed, considered, and a writ of certiorari, coupled with a stay order, was issued. In response to the writ, the record has been sent up, both counsel have filed briefs herein, and the case is now before us for review and decision.
 

 Two questions are presented, viz.: Whether or not a judgment of a court of record of another state is entitled to full faith and credit in this state if it be shown that the judgment was rendered by a court that was without jurisdiction ratione personae or ratione material; and whether or not a juvenile court of this state, in a prosecution before it of a husband charged with the unlawful desertion and nonsupport of his wife, may inquire into the jurisdiction of the court that rendered the judgment, when it is offered as a defense to said prosecution.
 

 The first question has long since been set at rest. We quote the following from Hopkins v. Hopkins, 174 Miss. 643, 165 So. 414:
 

 “Records and proceedings of courts of other states are entitled to full .faith and credit only in so far as such courts have jurisdiction of subject-matter and parties, and facts necessary to give jurisdiction to court rendering decree * * * may be inquired into (Const.U.S. art. 4, § 1).”
 

 Andrews v. Andrews, 188 U.S. 14, 15, 23 S.Ct. 237, 241, 47 L.Ed. 366, 370, is in point, for in the second column the court reiterates its previous utterances, to wit:
 

 “We think it clear that the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state, notwithstanding the provision of the 4th article of the Constitution, and the law of 1790, and notwithstanding the averments contained in the record of the judgment itself.”
 

 With reference to the second question presented, we quote with approval, from Smith v. Smith, 43 La.Ann. 1140, 10 So. 248, the following:
 

 “[In divorce cases brought by a spouse in one state, against the other spouse in another state] however, bona fide residence or domicile is an essential prerequisite to jurisdiction, and the-decree is not conclusive on jurisdictional facts, and the absence of jurisdiction for want of bona fide residence may be shown in
 
 any court"
 
 (Italics by the court.)
 

 With the quoted authorities in mind, we find that the testimony in the case con
 
 *813
 
 clusively shows, in fact, Frederick C. Wenzel, on cross-examination, admits that he and his wife were residents of New Orleans, La., prior to.their marriage; that they were married in said city; that they established and maintained their matrimonial domicile in that city from the date of their marriage to the date of their separation; and that neither spouse has, since their marriage, acquired a residence or domicile elsewhere.
 

 It is therefore clear that the Mississippi court was without jurisdiction of the parties or the cause of action in the suit for divorce filed by Wenzel against his wife in that court, and that a deliberate- fraud was practiced upon the Mississippi court to obtain the judgment that is now relied upon as a defense to the prosecution of Wenzel upon the charge properly filed against him in the juvenile court of New Orleans.
 

 It would be contrary to the public policy of the state to hold that, while the juvenile court had no jurisdiction in cases involving the marital status of parties, it is without jurisdiction to inquire into the validity of a judgment rendered in such a case before giving it full faith and credit, when it is offered by a defendant as a bar to his prosecution upon a charge properly lodged in that court.
 

 It is true that all the cited cases relate to litigation in the district courts, but in Smith v. Smith, 43 La.Ann. 1140, 10 So. 248, it is said, without reservation, that “the absence of jurisdiction for want of bona fide residence may be shown in any court.”
 

 For the foregoing reasons, it is ordered, adjudged, and decreed that the writ issued herein be, and it is hereby, perpetuated.
 

 It is further decreed- that the judgment rendered herein by the Hon. John D. Nix, Sr., judge of the juvenile court for the parish of Orleans, on May 26, 1936, setting aside the judgment rendered by him in favor of Mrs. Frederick C. Wenzel and against Frederick C. Wenzel, on'March 9, 1936, ordering him to pay alimony in a fixed amount semimonthly for the support of his wife, be, and it is hereby, avoided and set aside.
 

 It is further ordered and decreed that the aforesaid judgment rendered March 9, 1936, be reinstated and enforced, and, to secure this result, that writs of mandamus and prohibition issue as prayed for in relator’s application herein.
 

 It is further ordered that the costs of this proceeding be paid by Frederick C. Wenzel.