27 So.2d 154

**SPRATT v. SPRATT.**

No. 38172.

June 14, 1946.

James E. Courtin, of New Orleans, for defendant-appellant.

John T. Charbonnet, of New Orleans, for plaintiff-appellee.

ROGERS, Justice.

This is an appeal by the defendant from a judgment of divorce rendered against her on the ground that plaintiff and defendant lived continuously separate and apart for a period exceeding two years. Plaintiff's suit is based on Act No. 430 of 1938, which provides that when married persons have been living separate and apart for a period of two years or more, either party may sue for and obtain a divorce in the district court of his or her residence in this State, provided such residence shall have continued for the statutory period.

Plaintiff alleged that defendant was a non-resident of the State and a curator ad hoc was appointed to represent her. Defendant, however, retained her own counsel who set up as the sole defense that plaintiff had not established a bona fide residence in this State and, therefore, was without right to file and prosecute a suit for divorce in the courts of this State.

On the trial of the case it was shown that plaintiff and defendant were married in Atlanta, Georgia, on November 6, 1923; that subsequently they moved to Jacksonville, Florida, where they lived in the matrimonial relationship until March 5, 1939. In April, 1941, defendant filed suit for separate maintenance in the Circuit Court of Duval County, Florida, and in the same proceeding plaintiff instituted an action for divorce. On August 26, 1943, the court rendered judgment granting defendant's demand for separate maintenance and dismissing plaintiff's action for a divorce.

On September 30, 1943, plaintiff removed to New Orleans where he has resided continuously separate and apart from his wife since that date. On October 17, 1945, plaintiff filed the present suit for a divorce.

Residence essential to jurisdiction in a divorce proceeding instituted under the provisions of Act No. 430 of 1938 means actual residence coupled with the intention to make the place of residence a permanent place of abode. Lepenser v. Griffin, 146 La. 584, 83 So. 839.

Under the facts of this case, plaintiff is entitled to a divorce provided he came into this State with the bona fide intention of establishing his permanent, and not merely his temporary, residence in the State. In determining that question, plaintiff's intention, coupled with his acts, must be considered.

Plaintiff, testifying in his own behalf, stated unequivocally that he came to New Orleans with the intention of making it his home and that he intended to continue to maintain his home there; that all of his personal effects and everything he owns is in New Orleans. He further testified that since he established his residence in New Orleans on September 30, 1943, he has not lived with his wife. In fact, he stated he has not lived with his wife since March, 1939. He further testified that when he arrived in New Orleans on September 30, 1943, he secured a room for the night only at a residence on Canal Street. The following day he removed to 2719 Carondelete Street, where he remained until about the middle of November, when he took up his residence at 2702 St. Charles Avenue, where he secured a room and board and where he has resided ever since. While living in Jacksonville, plaintiff was employed as a bookkeeper by the Florida Times Union, a newspaper published in that city. On coming to New Orleans he obtained employment, in October, 1943, with a firm of accountants maintaining an office at No. 406 Hibernia Bank Building and has continued in that employment since that date.

Section 1 of Article 8 of the Constitution of 1921 provides as one of the qualifications of voting in any election in this State that the voter shall have been an actual bona fide resident of the State for two years. Plaintiff registered as a voter in the Ninth Precinct of the Eleventh Ward of New Orleans on December 14, 1945, which was slightly more than two years after he became a resident of the State and he actually voted in the municipal Primary Election held in New Orleans in the month of January, 1946.

The record shows that plaintiff has lived continuously in New Orleans since September 30, 1943, with the exception of a few temporary absences on vacations and on the business of his employers. But residence when once acquired is not lost by mere temporary absences from the State without any intention of remaining away. Laplace v. Briere, 152 La. 235, 92 So. 881.

Plaintiff's testimony was corroborated by the testimony of a member of the firm by whom he is employed and by the proprietresses of the rooming and boarding houses where plaintiff has resided from the time he arrived in New Orleans in September, 1943, until he testified in the suit on February 6, 1946. Defendant offered no testimony to contradict the testimony offered on behalf of plaintiff.

Our conclusion is that the evidence has satisfactorily established that plaintiff is an actual bona fide resident of this State and that he was such a resident for more than two years at the time he instituted this suit. This fact, coupled with the further fact that during that entire period plaintiff has lived separate and apart from his wife, entitles him to an absolute divorce under the provisions of Act No. 430 of 1938.

For the reasons assigned, the judgment appealed from is affirmed.