MOISE, Justice.
This suit for divorce, based on the grounds established by Act No. 269 of 1916, as amended by Act No. 31 of 1932, as amended by Act No. 430 of 1938, the living separate and apart for a period of two years continuously by married parties, was brought by a resident of Caddo Parish (the wife) against a resident of Red River Parish (the husband) in the Tenth Judicial District Court in and for Red River Parish, which had also been the last matrimonial domicile. The defendant’s exceptions to the jurisdiction of the Tenth Judicial District Court either ratione materiae or ratione personae were sustained, and plaintiff’s suit was dismissed by that Court. She has appealed.
The Legislative act under which this proceeding was instituted provides in part as follows: “Be it enacted by the Legislature of Louisiana, That when married persons have been living separate and apart -for a period of two years or more, either party to the marriage contract may sue, in the Courts of his or her residence within this state, provided such residence shall have been continuous for the period of two years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of two years or more.”
The sole question before us is whether a plaintiff-, whose cause of action is predicated on the ground established by the aforesaid act of the Legislature, must initiate his (her) suit in the court of his (her) residence; or, whether that plaintiff has a choice of instituting suit in the court of his (her) residence, with the alternative choice of initiating suit in the court of the defendant’s domicile (which would be the proper forum for a personal action) or in the court of the matrimonial domicile (which would have jurisdiction of the res).
The District Court apparently interpreted the language of the statute to mean that a plaintiff proceeding thereunder must sue in the court of his (her) residence.
Articles 17 and 18 of the Revised Civil Code provide:
“17. Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another.
“18. The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.”
There are three ways in which divorces may be obtained in Louisiana; two are established by Articles 138 and 139 of the Revised Civil Code, and an additional rem *787 edy has been established by Act No. 269 of 1916, as amended by Act No. 31 of 1932, as amended by Act No. 430 of 1938. The codal articles permit an absolute divorce in two instances: (1) where there has been an antecedent judgment of separation from bed and board, predicated on a cause set forth in Article 138, R.C.C., and no reconciliation of the judicially separated spouses during a period of one year subsequent to the judgment; (2) where one of the parties hás been guilty of adultery, or shall have been sentenced to an infamous punishment. 'The above-mentioned Legislative acts have created an additional ground for securing a divorce — the dwelling separate and apart ■ for a certain period of time, which was ■ arbitrarily fixed by the Legislature, first at seven years, Act No. 269 of 1916, then at four years, Act No. 31 of. 1932, and presently-at two years, Act No. 430 of 1938. In adding to the pre-existing substantive law on the subject a. further basis'for obtaining a divorce, the Legislature foresaw that there might be some question as to the proper forum, by the very nature of the substantive remedy it was according, and it specifically conferred on a plaintiff predicating his (her) action on the new, statutorily-established ground the privilege of adjudication in the forum of his (her) residence.
After considering Act No. 430 of 1938 in the light of the entire body of Louisiana divorce law, we conclude that it is illogical 'to prohibit a plaintiff whose cause of action arises under a ground established, or created, by statute from employing the procedure which is employed where the ground for the divorce has been established and created by the Civil Code, when it is in the plaintiff’s power to so employ that general procedure and there is no necessity for him to avail himself of the additional procedure permitted by Act No. 430 of 1938. .We hold that, where the domicile of the defendant, as well as the last matrimonial domicile, is in the State of Louisiana, then the plaintiff has the. choice of instituting .her action for divorce at either place, where that action is grounded on Act No. 430 of 1938, or in accordance with the fiat of the Legislature, at the forum of her own residence.
For the reasons above set forth, -the judgment appealed from sustaining 'the exceptions of defendant is reversed, annulled and set aside, the exceptions of jurisdiction to the Court are hereby overruled, and this matter remanded to the District Court for further proceedings in accordance with law and not inconsistent with the views.herein expressed.
HAWTHORNE and McCALEB, JJ, dissent and assign written reasons.