**63 So.2d 866**

**DAVIDSON v. HELM.**

No. 40493.

Feb. 16, 1953.

Arthur V. Flotte, New Orleans, for plaintiff-appellant.

Defendant absent and not represented.

LE BLANC, Justice.

In this suit plaintiff alleges that she has not lived with her husband since about August 10, 1946, a period of two years and more and that she is therefore entitled to a divorce a vinculo matrimonii as provided for in LSA–R.S. 9:301.

From the averments of her petition it appears that plaintiff, Cora Davidson, domiciled in the city of Biloxi, Miss., was married to the defendant, Edward W. Helm, on August 3, 1946, in the City of Gretna, Louisiana, and that they immediately established their matrimonial domicile in the City of New Orleans, Parish of Orleans, Louisiana; that they lived together as man and wife at the matrimonial domicile until August 10, 1946 when they voluntarily separated and that they have not lived together since that date.

Although he was personally served, the defendant made no appearance in answer to the citation he received and in due time a preliminary default was entered against him. On June 19, 1951, more than three days having elapsed since the entry of default, plaintiff, through her counsel, proceeded to take testimony in order to confirm the same. By the note of evidence it is shown that plaintiff had been living in Biloxi, Mississippi, for two years and that her husband was still domiciled in the City of New Orleans at No. 244 South Claiborne Avenue. Plaintiff testified that she and her husband had separated on August 10, 1946, as she had alleged, that they have not lived together since that date, that there was no community property acquired by them and that they had no children. Proof of the separation and living apart was corroborated by her daughter.

The trial judge took the case under advisement and on June 26, 1951, rendered judgment against the plaintiff dismissing her suit at her costs. Plaintiff thereupon applied to this Court for writs of certiorari, mandamus and prohibition which were refused because it was found that her remedy, if any, was by appeal. She immediately moved for and was granted this appeal which she perfected and which is presently before us. Her counsel personally argued the case and submitted a brief; defendant has made no appearance.

Plaintiff predicates her claim for the relief she seeks on the basis of the decision of this Court in the case of Wreyford.

v. Wreyford, 216 La. 784, 44 So.2d 867, 868, in which the provisions of LSA–R.S. 9:301 were under consideration. The statute was held to partake of the nature of both, substantive and procedural rights, the substantive right being the one which entitled either of the married parties to an absolute divorce on proof of the continuous living separate and apart during a period of two years or more and the procedural right being that by which either of the parties was permitted to bring his or her suit in the Court of his or her residence within this State provided the one bringing the suit in the Court of his or her residence shall have maintained his or her residence therein continuously for the period of two years.

In that case, the wife who was a resident of Caddo Parish, brought her suit for divorce under the provisions of the statute against her husband, a resident of Red River Parish, in the District Court of that Parish which was also the place of the last matrimonial domicile. The defense, presented by an exception to the jurisdiction of that court, was based on the proposition that under the terms of the statute the plaintiff who was prosecuting thereunder *had* to bring her suit in the court of her residence which was the District Court in and for Caddo Parish and consequently the District Court in and for Red River Parish was without jurisdiction.

It was in rejecting that contention that this Court pointed to both the substantive right of absolute divorce granted under the statute and the additional permissive procedure granted for the exercise of that right. Under the procedural provisions of the statute it was held that either party to the marriage might sue, either in the court of his or her residence, provided he or she had kept his or her residence therein continuously for two years, or, he or she could proceed under the general practice prescribed by Article 162 of the Code of Practice of suing the defendant at his or her domicile or under the other established practice of suing at the last matrimonial domicile. The Court went on to state:

"We hold that, where the domicile of the defendant, as well as the last matrimonial domicile, is in the State of Louisiana, then the plaintiff has the choice of instituting her action for divorce at either place, where that action is grounded on Act. No. 430 of 1938 [Now LSA–R.S. 9:301], or in accordance with the fiat of the Legislature, at the forum of her own residence."

As seems to be emphasized in the opinion in that case, the primary purpose of the statute was to create an additional ground for divorce and in adding to the pre-existing law on the subject, the Legislature, foreseeing the possibility of some question arising as to the proper forum because of the very nature of the new remedy it had afforded, specifically conferred upon the party seeking to avail him-

self or herself of it, "the privilege of adjudication in the forum of his (her) residence."

The district judge did not assign written reasons for judgment in this case but we were given to understand by counsel that he was hesitant to extend the ruling of the Wreyford case and apply it in favor of a party who was no longer a resident of the State but had been living in Mississippi for the past two years. Under the ruling of the Wreyford case, and on the theory on which it is based, we cannot see what difference her being a resident of another State would make. She had acquired the substantive right of an absolute divorce granted under the statute by reason of her continuous living separate and apart from her husband for two years or more and she had the right to enforce it by bringing suit against him in the Court of his domicile or that of the last matrimonial domicile. In this instance, the Civil District Court of Orleans Parish whose jurisdiction she invoked was the Court of both the defendant's domicile and of the last matrimonial domicile and was the proper forum for adjudication. There is nothing in our law which prevents a resident of another State from suing a defendant in an action for separation or divorce in this State if the suit is brought in the proper court.

This question was one that arose in the case of Cotton v. Wright, 189 La. 686, 180 So. 487, 488, in an action for separation brought by a resident of Mississippi in the District Court of the Parish of Terrebonne against her husband who resided in that Parish which was also the place of the matrimonial domicile. At the hearing of a rule for alimony, the defendant excepted to the jurisdiction of the district court of that parish on the ground that plaintiff resided in the State of Mississippi. This Court held that the exception had been properly overruled in the District Court adding:

"Plaintiff and defendant, after their marriage at Jackson, Miss., immediately established a matrimonial domicile in the city of Houma, Terrebonne Parish, in this state. They resided at the common domicile from October 12, 1926, to August 20, 1935, when plaintiff filed her first suit for separation; and thereafter defendant continued to reside at the matrimonial domicile, and was residing there, when plaintiff filed the present suit [March 12, 1937] in the Seventeenth district court, Parish of Terrebonne, which is clearly vested with jurisdiction under this state of facts."

Likewise it can be stated in this case that under the state of facts presented, regardless of the plaintiff's residence in Mississippi, the Civil District Court of Orleans Parish is clearly vested with jurisdiction.

Satisfactory proof was made on confirmation of default which entitles the plaintiff to judgment in her favor.

For the reasons stated it is ordered that the judgment appealed from be and the same is hereby reversed, annulled and set aside and it is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Cora Davidson, and against the defendant, Edward Helm, decreeing a divorce a vinculo matrimonii and forever dissolving the bonds of matrimony heretofore existing between them. It is further ordered that the defendant pay all costs of this proceeding.

FOURNET, C. J., absent.

HAMITER, Justice (concurring).

Since the rendition of our decision in Wreyford v. Wreyford, 216 La. 784, 44 So.2d 867, to which I subscribed unreservedly, my view respecting the meaning and intendment of LSA–R.S. 9:301 has changed somewhat. I am of the opinion, as heretofore, that under its provisions either of the married persons is entitled to an absolute divorce, on proof of the continuous living separate and apart during a period of at least two years, and that the action will lie in the court of the residence of the plaintiff husband or plaintiff wife within this State if he or she has maintained that residence continuously for two years. However, contrary to my previous view, I now think that the statute also authorizes the bringing of the suit in the court of the residence of the defendant husband or of the defendant wife within this State if such residence has been continuous for the mentioned two year period.

The initial legislation on the subject, which was Act No. 269 of 1916, provided:

"Be it enacted by the General Assembly of the State of Louisiana, That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts of the State of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more." (Italics mine.)

Act No. 31 of 1932 reduced the seven year period to four years. Also, by it the provision of the 1916 statute reciting "in the courts of the State of his or her residence" was changed so as to read "in the courts of his or her residence within this State". Obviously, the latter change was made as a result of the statute's having been attacked as unconstitutional in Dodds v. Pope, 152 La. 397, 93 So. 198, on the ground that the word "State" as used gave it an extra-territorial effect, notwithstanding that the legislation was held in that case to be valid. In so holding the court said in part: "* * * Succinctly stated, we think the law means that

either spouse may, when he or she has lived apart from the other continuously for a period of seven years or more, sue in the courts of his or her residence within the State for an absolute divorce, provided the residence within the State and the living apart have both been continuous for a period of seven years."

In 1938, by Act No. 430, the required period for living apart was further reduced to two years.

Except for the changes above noted, the present statute is identical with that initially enacted. Particularly, it was originally declared that " * * * either party to the marriage contract may sue, in the Courts * * *;" and this phraseology was retained in the several amending acts. Now to my mind the initial and continued employing of the emphasized "comma" and plural word "courts" is very significant. If the "comma" were omitted and if the singular word "court" were used, the statute would read (and most assuredly it could only mean) that either party (the plaintiff) may sue in the *court* (one court) of his or her residence within this State. But by employing the "comma" and also the plural word "courts", which are contained in both the original and present statutes, the Legislature, in my opinion, disclosed an intention that the suit might be brought in the court of the residence of either the defendant husband or the defendant wife, besides in that of the residence of either the plaintiff husband or plaintiff wife. By the language so used the Legislature was declaring, as I now interpret it, that either party to the marriage contract may sue in the courts (either of two courts) of the husband's (his) residence or of the wife's (her) residence (plaintiff's or defendant's residence) within the State if it has been continuous for at least two years.

There appears to me to be no good reason for restricting the action to the court of the plaintiff's residence, especially since generally and usually suits are instituted at the domicile of the defendant. Of course, for the benefits of the statute to be availed of (two year divorce) at least one of the married persons must have maintained a two years' continuous residence, as is shown by the vital proviso that "such residence shall have been continuous for the period of two years", the obvious purpose of the requirement being to prevent improper use of the legislation and of our courts by non-residents of the State. However, under my interpretation of the statute, which is that the action may also be brought in the court of the residence of the defendant when maintained for the two year period, such proviso is given full effect with complete recognition of the mentioned requirement and purpose.

The same would not necessarily result under the doctrine of the Wreyford case, which is being followed by the majority herein. Under the doctrine, for example, the Civil District Court of Orleans Parish

would have jurisdiction of a wife's divorce action grounded on a two years' separation between her and her husband, the first eighteen months of which endured while both were domiciled in the State of Mississippi and the remaining or last six months while the defendant husband resided in Orleans Parish where he had established a domicile.

In the instant case the record discloses that the defendant husband was domiciled in Orleans Parish continuously for more than two years immediately prior to the institution of the suit. This being true, and under the provisions of LSA–R.S. 9:301 as I now interpret them, the civil district court of that parish was vested with jurisdiction.

I respectfully concur.

HAWTHORNE, Justice (dissenting).

The decision of the majority is predicated upon the holding in Wreyford v. Wreyford, 216 La. 784, 44 So.2d 867. I dissented in the Wreyford case, and, being still convinced of the correctness of the views expressed in my dissenting opinion in that case, I dissent in the instant case.

McCALEB, Justice (dissenting).

LSA—R.S. 9:301 provides:

"When married persons have been living separate and apart for a period of two years or more, either party to the marriage contract may sue, *in the*

*courts of his or her residence within this state, provided such residence shall have been continuous for the period of two years, for an absolute divorce.* * * *". (Italics mine.)

The source of this law is Act No. 269 of 1916, which is similar in all respects, except that it provided that it was requisite that the spouses live separate and apart for seven years and that the residence of the plaintiff within this State be continuous for that length of time. By Act No. 31 of 1932, these periods were reduced to 4 years and, by Act No. 430 of 1938, which was adopted as Section 301 of Title 9 of the Revised Statutes of 1950, above quoted, they were shortened to two years.

In Wreyford v. Wreyford, 216 La. 784, 44 So.2d 867, the question for decision was whether the designation in Act No. 430 of 1938 of the plaintiff's residence as the forum for the suit was exclusive. The court held that it was not, taking the position that the Legislature did not intend to bar the filing of such a suit before the court of defendant's domicile in accordance with the general law, Article 162 of the Code of Practice, and plaintiff's action was maintained notwithstanding that she was a resident of Caddo Parish and not Red River Parish, where the suit was instituted.

I dissented in the Wreyford case, being of the opinion that Act No. 430 of 1938 is a special law; that its language fixing the place where actions shall be brought is

clear and unambiguous and that it should be enforced as written. See 216 La. 788, 44 So.2d 868. In the instant case the majority opinion is but an expected consequence and aftermath of the Wreyford decision. Under it, a non-resident is afforded the benefit of the two year divorce law, in cases where the defendant resides in the State. And, by this holding, the residential prerequisite to the bringing of the suit, viz., "* * * provided such residence (in Louisiana) shall have been continuous for the period of two years, * * *" (parenthesis mine) has been effectually deleted from the statute, when the action is brought at defendant's residence.

I think this conclusion not only disregards the letter of the law; it overlooks its purpose, its history and the construction which has been given it by this court from the time of its enactment. One of the effects of the decision, among others, is to enable a spouse who has deserted his family, by leaving them in this State for a place beyond the reach of the processes of our courts, to reappear within this jurisdiction and obtain the advantages of a law which was intended, in my humble opinion, to apply to citizens of Louisiana only.

The views I entertain find their support in the language of the statute and the adjudications of this court formulated at a time shortly after the original seven year law was enacted, which have, until the

Wreyford decision and that in the case at bar, been generally accepted as the established law over the past thirty years by the members of the bench and bar.

One of the first cases decided under Act No. 269 of 1916 was Laplace v. Brieré, 1922, 152 La. 235, 92 So. 881, 882. There, the question for determination was whether the plaintiff had resided continuously in this State during the seven years separation, within the meaning of the statute. The plaintiff contended that the defendant could not question her residence in this State because the matter was one of jurisdiction ratione personae which should have been pleaded specially and in limine. But the court observed:

"We are not prepared to give our assent to that interpretation of the statute. The question of continuous residence is as much a part of the plaintiff's case, under the plain language of the act, as is the fact of seven years' separation, and no court would be authorized to grant a divorce unless the fact of such continuous residence was established. *The question of residence is jurisdictional ratione materiae, and can no more be waived by the parties than can the period of separation be lessened.* The obvious purpose of the statute under consideration was to grant the right to either party to a marriage contract to obtain a final divorce in the courts of this state only on proof of seven years' uninterrupted

separation and living apart, *coupled with proof of seven years' continuous residence in this state."* (Italics mine.)

Again, in the same year, the court, in Dodds v. Pope, 152 La. 397, 93 So. 198, in considering whether Act No. 269 of 1916 was unconstitutional, it being there contended that the statute attempted to vest jurisdiction in courts outside of the State, had this to say:

"The words 'period of seven years' are used three times in the section. First, the spouses must 'have been living separate and apart for a period of seven years or more'; second, suit may be brought in the courts of their residence in the State 'provided such residence shall have been continuous for the period of seven years,' and the divorce 'shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more.' Succinctly stated, we think the law means that either spouse may, when he or she has lived apart from the other continuously for a period of seven years or more, sue in the courts of his or her residence within the State for an absolute divorce, *provided the residence within the State*

*and the living apart have both been continuous for a period of seven years."* (Italics mine.)

See also Trinchard v. Grace, 1922, 152 La. 942, 94 So. 856; McWilliams v. McWilliams, 1944, 206 La. 1007, 20 So.2d 295 and Spratt v. Spratt, 1946, 210 La. 370, 27 So.2d 154.

Thus, it is seen that, until the decision in the instant case, the law was well settled that the continuous residence[1] of plaintiff within the State for the period of seven, four or two years, as the case may be, was a prerequisite to the cause of action and was viewed as jurisdictional. This was in keeping with the letter and spirit of the law which is to afford Louisiana citizens the right to obtain a divorce without cause when they have lived separate and apart for two years, provided that the person seeking the benefits of the Act has remained in the State continuously for two years prior to the filing of suit.

And it will not do to say, as stated in the dicta contained in North v. North, 1927, 164 La. 293, 113 So. 852, that it is only necessary that the residence of one of the parties for the required time within the State is essential. That construction loses sight of

1. "Residence" essential to jurisdiction in a divorce proceeding instituted under Act No. 430 of 1938 means residence de facto et animo manendi, i. e., actual residence coupled with the intention to make the place of residence a permanent place of abode. Lepenser v. Griffin, 1919, 146 La. 584, 83 So. 839; Spring v. Spring, 1946, 210 La. 576, 27 So.2d 358; Walcup v. Honish, 1946, 210 La. 843, 28 So.2d 452 and Annotation 106 A.L.R. 6, 10.

the purpose of the statute, which was to accord to either spouse a right of action under the specified condition that he or she, as the case may be, had resided continuously within the State for the prescribed time, and actually places the defendant resisting the action in a more unfavorable position because of his or her residence here. I submit that there would be no good reason for the Legislature to permit a non-resident to prosecute a divorce suit because of separation for two years merely because the defendant, who does not wish to avail himself of the right accorded by the act, has been a resident of the State continuously for that time. Manifestly, the conditions upon which the advantages of the Act are bestowed are properly imposed on those who invoke the right given.

The authorities in other jurisdictions are in accord with our former pronouncements to which I think we ought to adhere. Approximately fifteen other states[2] provide

2. Ala.Code 1940, tit. 34, Sec. 20; Ariz. Code Ann. 1939, Sec. 27–802; Ark.Stat. Ann. 1947, Sec. 34–1202; D.C.Code 1940, Sec. 16–403; Idaho Code 1948, Sec. 32–610; Ky.Rev.Stat. 1948, Sec. 403.020; Md.Ann.Code, 1951, Art. 16, Sec. 33; Nev.Comp.Laws, 1941, Sec. 9467.06; N.H.Rev.Laws, 1942, Chapter 339, Sec.

that living apart for a specified period without cohabitation is actionable for an absolute divorce. These statutes, which are similar to our own except for the time periods of voluntary separation, provide that plaintiff must be a resident of the State for a required time before he or she is entitled to bring suit without distinction being made between a suit at plaintiff's or defendant's domicile. Wynn v. Wynn, 39 Ariz. 580, 8 P.2d 1081; Day v. Langley, 202 Ark. 775, 152 S.W.2d 308; Oliver v. Oliver, 219 N.C. 299, 13 S.E.2d 549; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Note 2 A.L.R.2d 291, also Sitterson v. Sitterson, 191 N.C. 319, 131 S.E. 641, 51 A.L.R. 763; 97 A.L.R. 958; Knabe v. Berman, 234 Ala. 433, 111 A.L.R. 867 and Otis v. Bahan, 209 La. 1082, 26 So.2d 146, 166 A.L.R. 498.

The judgment of the trial court should be affirmed.

6; N.C.Gen.Stat., 1943, Sec. 50–6; R.I. Gen.Laws, 1938, Chapter 416, Sec. 3; Vernon's Tex.Civ.Stat. Art. 4629; Vt. Stat., 1947, Sec. 3205; Wash.Rem.Rev. Stat.Ann., 1932, Sec. 982; Wis.Stat., 1947, Sec. 247.07; Wyo.Comp.Stat.Ann., 1945, Sec. 3–5906.