HARDY, Judge.
This is an action for divorce and alimony instituted by plaintiff wife, and defendant appeals from judgment in favor of plaintiff which decreed a divorce a vinculo matri-monii and further awarded alimony in the sum of $75.00 per month and attorney’s fees in the amount of $250.00. Plaintiff has answered the appeal, praying an increase in the monthly amount awarded as alimony to the sum of $150.00.
The principal issue tendered by this appeal is based upon exceptions to the jurisdiction, ratione personae and materiae, interposed by defendant, which were overruled by the district court. The factual basis for these exceptions lies in the contention that both the marital domicile and the domicile of defendant husband have always been, and were at the time of institution of this suit, located in LaSalle Parish ; that plaintiff had not, in fact, continuously resided in Caddo Parish, where she instituted this action, for a period of two years immediately prior to the institution of this suit under the provisions of LSA-R.S. 9:301. The question which must be determined, conceding the contention that the matrimonial domicile and the domicile of the husband were maintained in LaSalle Parish, is whether plaintiff established and maintained a separate residence, de facto et animo manendi, in Caddo Parish for a period of two years prior to the institution of suit in conformity with the provisions of the statute to which reference is above made.
We think the issue defined is obviously distinguishable from Wreyford v. Wreyford, 216 La. 784, 44 So.2d 867, and Davidson v. Helm, 222 La. 759, 63 So.2d 866, 871, in both of which cases the question of jurisdiction related to the institution of the suit at the domiciles of the defendant husbands.
The matter of the determination of plaintiff’s residence, in our opinion, falls directly within the principle announced by Mr. Justice McCaleb in a footnote to his dissenting opinion in the case of Davidson v. Helm, cited supra, reading as follows:
“ ‘Residence’ essential to jurisdiction in a divorce proceeding instituted under Act No. 430 of 1938 means residence de facto et animo manendi, i. e., actual residence coupled with the intention to malee the place of residence a permanent place of abode. Lepenser v. Griffin, 1919, 146 La. 584, 83 So. 839; Spring v. Spring, 1946, 210 La. 576, 27 So.2d 358; Walcup v. Honish, 1946, 210 La. 843, 28 So.2d 452 and Annotation 106 A.L.R. 6, 10.”
It was established on trial that plaintiff and defendant were married in 1929, and that, on or about January 26, 1957, defendant husband brought plaintiff to her sister’s home in Shreveport, where he left her with the apparent intention of effecting a separation; that plaintiff established a bona fide residence in Caddo Parish, became a registered voter therein and filed this suit on December 22, 1959, almost three years after her abandonment by her husband. *389 However, it is strenuously urged on behalf of defendant that plaintiff did not “continuously” reside in Caddo Parish and, as a matter of fact, that she was absent from said Parish and actually lived in the State of Texas for a period of some eleven months, during a part of which time she was employed in said State.
While the statement of, and reliance upon, the above facts adequately opens the door to the consideration of the validity of plaintiff’s asserted residence in Caddo Parish, they must be examined in connection with other facts bearing upon the action and intent of plaintiff in assertedly establishing and maintaining her residence in Caddo Parish. In this connection it was shown that plaintiff was entirely without means of support; that she had been, since January 26, 1957 dependent upon members of her family; that while she did absent herself from Caddo Parish for a substantial period of time, such absence was explained by her visits to a daughter who lived in Texas, and that while she was employed in said State, her employment was temporary and lasted for a very brief space of time.
The effect of the above related factual circumstances presents a picture of a wife intentionally abandoned by her husband, removed by him to a residence separate and apart from the matrimonial domicile, without any intention of a resumption of the maintenance of same, forced by such abandonment to shift for herself and to rely for her very existence upon the charity of relatives.
Nor do we find that defendant has succeeded in controverting plaintiffs good faith and intent as to the establishment of a permanent residence in Caddo Parish, and its maintenance for the period of time required by statute.
Under our conception of the facts it follows that defendant’s jurisdictional pleas were properly overruled.
In connection with plaintiff’s answer to the appeal, we find the record establishes by defendant’s own testimony the fact that his earnings at the time of trial were averaging about $300.00 per month and that his income for the previous year amounted to $4,800.00. Plaintiff’s testimony was that by reason of her age and an allergic condition she had been unable to procure permanent employment, and, as above noted, was dependent for satisfaction of essential living needs upon the charity of members of her family. Under these circumstances we think the plaintiff has established a right to a reasonable increase in the amount of alimony awarded by judgment of the lower court.
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be amended by increasing the monthly award of alimony to the sum of $100.00, and as amended the judgment is affirmed at appellant’s cost.