JULIAN E. BAILES, Judge.
Plaintiff, domiciled in New York, brings this action for divorce on the ground of having lived separate and apart continuously for a period of more than two years, against the absentee defendant, herein represented by a duly appointed curator ad hoc.
Testimony adduced on trial shows that plaintiff and defendant were married in New Orleans in 1924, where the matrimonial domicile was established and where the parties continuously resided together until they separated in 1931. Defendant left New Orleans in 1934 and was last heard of in Los Angeles, California. Plaintiff resided in New Orleans until 1939, at which time he removed to New York City. He returned to New Orleans in 1946 and again removed to New York City in 1951 and again returned to New Orleans shortly before this’ action was filed. The evidence shows conclusively that plaintiff was not domiciled in Louisiana. Plaintiff testified that he came to New Orleans for the purpose of obtaining a divorce. The defendant, through the curator ad hoc, filed an exception to the jurisdiction ratione ma-teriae, which was sustained, and this suit was dismissed at plaintiff’s cost, from which judgment the appeal was taken.
The appellant’s assignment of error is that the trial court erred in dismissing the plaintiff’s suit for lack of jurisdiction ra-tione materiae. His contention is that inasmuch as the ground for the divorce arose while both plaintiff and defendant were domiciled in New Orleans, although plaintiff is now domiciled in the State of New York, the trial court has jurisdiction.
*613 This action is brought under LSA-R.S. 9 :301, which provides :
“When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce.”
The above-quoted statute makes no jurisdictional requirement; however, when this statute is read in connection with LSA-C.C.P. Article 10(7), it becomes apparent that a Louisiana domicile is required.
LSA-C.C.P. Article 10 provides:
“A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
******
“(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.”
In addition to fulfilling the substantive requirement for a ground for divorce, the plaintiff must meet the procedural requirement. The plaintiff has the ground for a divorce as required by the substantive law [LSA-R.S. 9:301], but he lacks domicile as required by LSA-C.C.P. Article 10(7).
In oral argument before this court, plaintiff contends that the domiciliary requirement has been eliminated by LSA-R.S. 9:-301, as amended by Section 1, Act 31 of 1960, quoted supra.
It is true that prior to the amendment, LSA-R.S. 9:301 provided that “either party to the marriage contract may sue, in the court of his or her residence within the state, provided such residence shall have been continuous for the period of two years, for an absolute divorce.”
The purpose of the 1960 amendment to LSA-R.S. 9:301 was to eliminaté any conflict with LSA-C.C.P. Article 3941; Without the amendment of LSA-R.S. 9:301, there would have appeared a conflict, venue-wise, between LSA-R.S. 9:301 and LSA-C.C.P. Article 3941, as the latter is broader than LSA-R.S. 9 :301 prior to amendment. LSA-R.S. 9:301, as it now reads, eliminates any procedural requirements or directives as to the proper forum. The question of forum is resolved in LSA-C.C.P. Article 3941, which provides that:
“An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
“The venue provided in this article may not be waived, • and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
See: Wreyford v. Wreyford, 216 La. 784, 44 So.2d 867, and Davidson v. Helm, 222 La. 759, 63 So.2d 866. It should be noted in Davidson v. Helm, supra, the plaintiff was a non-resident of Louisiana; however, the defendant was a resident of and domiciled in Louisiana. It cannot be logically contended that the insertion of the clause “ * * * or in the parish of the last matrimonial domicile”, as an additional alternative forum, eliminates the requirement of domicile of one of the parties in the state. See: Bruney v. Bruney, 231 La. 624, 92 So.2d 388. Therefore, LSA-C.C.P. Article 3941 is not authority for a person domiciled in another state to sue an absentee defendant for a divorce at the last matrimonial domicile in this state, as the plaintiff has sought to do in this case.
Traditionally, at least one of the parties, the plaintiff or defendant, must be domiciled in this state, at the time the action is brought, for our courts to have jurisdiction. LSA-C.C.P. Article 10(7) is a re *614 statement of this jurisprudential rule. The words of this article “except as otherwise provided by law” do not refer to the domiciliary requirement but rather is a qualification of the general rule that “the grounds therefor [divorce or separation from bed and board] were committed or occurred in this state, or while the matrimonial domicile was in this state”, and these exceptions are those contained in LSA-C.C. Article 142 and LSA-R.S. 9:301. There is no exception to the requirement of domicile of either the plaintiff or the defendant for the courts of this state to acquire jurisdiction ratione materiae in an action for divorce or separation from bed and board.
The mere fact that the plaintiff and defendant last lived together in Orleans Parish, in other words, that the last matrimonial domicile was in Orleans Parish, does not, of itself, by that fact alone, vest the Civil District Court of said parish with jurisdiction to alter the marital status of a husband and wife. The party who last left the state divested the Orleans Parish Civil District Court of jurisdiction. For the court to be able to hear an action it must have jurisdiction of the subject matter and of the person.
Actually, it is of no moment, in view of the fact that the plaintiff is domiciled in New York, and his wife apparently a resident of the State of California, that the [last] matrimonial domicile was in Louisiana. It has no significance until and unless either the husband or wife becomes domiciled in Louisiana.
In Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 the court said on page 674:
“[2] The judicial power to grant a divorce is founded on domicile. Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366; Williams v. North Carolina, supra [325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577], Also see: Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; Davis v. Davis, 30S U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518.
* * *4: * *
“[5] This Court will give full faith and credit to divorce decrees rendered by courts of other states except where it has been conclusively shown by sufficient proof that the court rendering the decree did not have the jurisdictional requirement of domicile. Williams v. North Carolina, supra; Voorhies v. Voorhies, supra [184 La. 406, 166 So. 121]; State v. Wenzel, supra [185 La. 808, 171 So. 38]; State v. Dickinson, supra [191 La. 266, 185 So. 20].”
Accordingly, judgment of the lower court is affirmed at appellant’s cost.
Affirmed.