## (March 25, 1963)

██ In the Matter of the Estate of ANANIAS THOMAS, Deceased. MARTHA THOMAS, Appellant; SALLY THOMAS, as Executrix of ANANIAS THOMAS, Deceased, Respondent.— In a proceeding to judicially settle the account of an executrix, the objectant (decedent's first wife) appeals from so much of an order of the Surrogate's Court, Kings County, entered November 1, 1962: (a) as granted the motion of the executrix (decedent's second wife) to confirm the report of a Referee, to whom the Surrogate had referred for hearing the limited issue of whether or not objectant was the decedent's widow; (b) denied the objectant's cross motion to modify said report; and (c) decreed that objectant is not the decedent's widow nor a person interested in his estate. Order, insofar as appealed from, reversed on the law, with costs to objectant and the executrix payable out of the estate; the executrix' motion to confirm the Referee's report denied; the objectant's cross motion to modify the Referee's report granted; objectant declared to be decedent's widow and a person interested in his estate; her objection to the account and her claim based on her status as decedent's widow sustained; and the account of the executrix directed to be settled accordingly. The findings of fact are affirmed. Objectant and decedent were married in Louisiana in 1924, where they lived together until their separation in 1932 or 1933. Thereafter both became separate residents of New York City. In 1948 decedent obtained a Louisiana divorce from the objectant on the ground that he had lived separate and apart from her for a period of more than two years. In his divorce petition decedent alleged that since October 15, 1932 the parties had lived separate and apart and that since their separation he had lived continuously in the Parish of Orleans, State of

Louisiana. Objectant was served with the pleadings by mail, at her residence in Brooklyn, New York. She neither appeared in person nor by attorney. After obtaining the divorce decedent married the executrix. Decedent had not been domiciled in Louisiana for the necessary two-year period immediately prior to the commencement of his divorce action, as required by the Louisiana statute pursuant to which he obtained the divorce. It is fundamental that at least one party to a suit for separation or divorce must be domiciled in the forum State before the courts of that State will take jurisdiction (*State* v. *Wenzel,* 185 La. 808; *Blake* v. *Dudley,* 111 La. 1096; see *Walsh* v. *Walsh,* 215 La. 1099; *Zinko* v. *Zinko,* 204 La. 478). The case (*Davidson* v. *Helm,* 222 La. 759) cited by the learned Referee as controlling, is not applicable. That case dealt with venue, not jurisdiction. It held that when both the domicile of the defendant and the last matrimonial domicile are in Louisiana, a nonresident plaintiff may choose to lay venue of the action in either the parish (county) of the defendant's domicile or the parish of the last marital domicile within the State. In our opinion, decedent's divorce from objectant was a nullity, since neither one was domiciled in Louisiana for the necessary two-year period prior to the date of the commencement of the action. The objectant, decedent's first wife, is, therefore, his widow. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.