175 So.2d 357 (1965)
Shirley Ann Weaver TURPIN, Plaintiff-Appellant,
v.
Allen Eugene TURPIN, Defendant-Appellee.
No. 10368.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1965.
*358 Love, Rigby & Donovan, Shreveport, for plaintiff-appellant.
Bodenheimer, Looney & Jones, Shreveport, for defendant-appellee.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Plaintiff in this action for divorce appeals from a judgment sustaining a plea of res judicata based on a decree of the Chancery Court of Columbia County, Arkansas.
Events culminating in the present action may be briefly enumerated. In a proceeding instituted in the First Judicial District Court in and for Caddo Parish, Louisiana, where both plaintiff and defendant resided and maintained their domicile, plaintiff, under date of June 26, 1963, after personal service upon the defendant, obtained a judgment of separation "a mensa et thoro" from *359 her husband. On July 1, 1964, more than a year having elapsed since the date of the decree of separation and alleging that no reconciliation had taken place, plaintiff petitioned for a divorce "a vinculo matrimonii" forever resolving the bonds of matrimony. To this action the plea of res judicata was interposed, based upon a purported final divorce, dated December 17, 1963, procured by plaintiff in the aforesaid Chancery Court of the State of Arkansas.
Plaintiff's position is that the Arkansas decree is null and void because that court of that State did not have jurisdiction for the reason that she did not reside or establish a domicile in that State prior to the rendition of the decree.
In support of her position, plaintiff relies upon several principles well established in the jurisprudence, specially noted and approved in Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946). For instance, it was recognized that anyone at interest has a right to collaterally impeach a decree of divorce rendered in another state by proving that the court had no jurisdiction. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945).
The judicial power to grant a divorce, that is, jurisdiction, strictly speaking, is founded on domicile. Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804 (1901); Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366 (1903); Williams v. North Carolina, supra; Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867 (1906); Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938); Juneau v. Juneau, 227 La. 921, 80 So.2d 864 (1955).
The only question which the courts of this State can consider with respect to a decree of the courts of another state is the jurisdictional requirement of domicile. Williams v. North Carolina, supra; Voorhies v. Voorhies, 184 La. 406, 166 So. 121 (1936); State v. Wenzel, 185 La. 808, 171 So. 38 (1936); State v. Dickinson, 191 La. 266, 185 So.2d (1938); Juneau v. Juneau, supra.
Where it has been conclusively shown by sufficient proof that the court rendering the decree did not have the jurisdictional requirement of domicile, the courts of this State will not give faith and credit to divorce decrees rendered by courts of other states. Williams v. North Carolina, supra; Juneau v. Juneau, supra; Navarrette v. Laughlin, supra; State v. Dickinson, supra; State v. Wenzel, supra; Voorhies v. Voorhies, supra.
The burden of determining the invalidity of a foreign decree rests heavily upon those who assail it; the burden to establish that the court of the other state was without jurisdiction requires clear and positive proof.
From these principles, it may be appropriate to observe that so long as the parties were domiciled and living here, the State of Louisiana had the exclusive right to regulate the dissolution of their marriage relationship. However inconvenient our laws may be thought to be by the parties to a marriage contract, they are bound by them so long as they reside and maintain their domiciles in this State. Therefore, if Arkansas divorce decrees are to be accorded full faith and credit in the courts of other states, it is essential that Arkansas have proper jurisdiction over the divorce proceedings. This requires that at least one of the parties have a bona fide domicile within the State of Arkansas for whatever length of time that State may prescribe. Navarrette v. Laughlin, supra.
In support of the burden placed upon her, plaintiff, in giving her testimony, admitted to having employed a lawyer at Magnolia, Arkansas, to secure the divorce. She testified, however, that she neither appeared nor testified in court; nor was an inquiry made of her by the attorney relative to her residence or domicile. She made no representation that she resided or had established a domicile in that State. To the contrary, she *360 testified that, during all pertinent times, she continuously resided and was domiciled in Shreveport, Caddo Parish, Louisiana. To corroborate her testimony, she offered the testimony of another witness, as well as her employment records. The introduction of this additional evidence was not permitted.
Before this court, the plea of res judicata is presented in the nature of a plea of estoppel or of acquiescence. The record is barren of any pleadings or proof to support this contention. No contention is made that private rights have arisen since or by virtue of the Arkansas decree such as or similar to those presented in Rouse v. Rouse, 219 La. 1065, 55 So.2d 246 (1951).
It appears to us that the matter of plaintiff's domicile and the question of the jurisdiction, vel non, of the Arkansas court are issues susceptible of positive proof. Whether private rights have, in the meantime, accrued that would support pleas of acquiescence or estoppel are matters which, if properly pleaded, are susceptible of the same character of proof.
It is obvious that the present record is not sufficiently complete for us to pronounce definitely on this cause. The rule developed in the jurisprudence under Code of Practice Art. 906, the principles of which have been incorporated in LSA-C.C.P. Art. 2164, is that a large discretion is vested in an appellate court to remand a cause where the record is not in condition to enable the court to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available testimony which might be material to a proper decision. The present tendency is to exercise this discretion where the ends of justice would be best served, regardless of the cause for the omission of the evidence from the record. Arkansas Louisiana Gas Co. v. Morehouse Realty Co., 126 So.2d 831, La.App., 2d Cir. 1961.
We feel that, in the interest of justice, the parties should have the opportunity to produce any legal, competent evidence available to them to support their respective positions concerning the lack of jurisdiction of the Chancery Court of Arkansas or relative to acquiescence in the judgment by plaintiff or reliance thereon by the defendant.
Therefore, for the reasons assigned, it is ordered that the judgment appealed be, and it is hereby, annulled, avoided, reversed, and set aside; and it is now ordered that this cause be, and the same is hereby, remanded to the Honorable, First Judicial District Court in and for Caddo Parish, Louisiana, for the introduction of additional evidence, by either party, relative to the jurisdiction, vel non, of the Chancery Court of Columbia County, Arkansas, to render the judgment of divorce as interposed herein, as well as that relative to a plea of acquiescence or estoppel which defendant may desire to file.
Defendant-appellee is assessed with the cost of this appeal. The assessment of all other costs shall await final judgment.
Reversed and remanded.