BOLIN, Judge.
Lena Mae Austin filed suit in Caddo Parish, Louisiana, for separation from bed and board, custody of the child born of her marriage with defendant and alimony for herself and the child. Basis for her suit was abandonment and cruelty. Defendant, Ellis H. Austin, filed an exception of no right of action setting up as a bar to plaintiff’s suit a final divorce decree granted him in Arkansas. On trial of the exception the evidence convinced the trial judge the Arkansas court was without jurisdiction and he overruled the exception. Defendant then filed an answer and reconventional demand seeking a separation. After trial' on the merits judgment was rendered granting plaintiff the separation, awarding her custody of the child and $200.00 per month alimony for herself and child.
*891 On appeal appellant urges the evidence -was insufficient to support the lower court’s "holding Arkansas lacked jurisdiction to Tender the divorce decree.
Mindful of the requirements of the full faith and credit clause of the United States Constitution, we nevertheless have the right, if not the duty, to inquire into jurisdictional facts surrounding a judgment of a sister state sought to be used as a “bar in an action by a domiciliary of Louisiana.
Mr. Austin testified he had rented an apartment in Magnolia, Arkansas, and moved in approximately October 1, 1965; that his work was causing him to be in Arkansas so frequently his company transferred him there. However, he stated he returned to Shreveport January 15, 1966, "but on February 1, 1966 was sent back to Arkansas where he still resides. No other -witness testified to such transfer.
On cross examination the information was elicited from Austin that his “apartment” consisted of two rooms without 'kitchen facilities; that his children by a former marriage had remained in Shreveport at the matrimonial domicile; that his work required him to travel in four states and he had made weekly visits to Shreveport.
The Arkansas petition and decree of divorce attached to the exception, shows the petition was filed December 3, 1965 (63 days after defendant’s arrival in Magnolia) .and the decree was entered January 14, 1966. Substituted service was had on plaintiff through an attorney ad litem and mo personal appearance was made. Meanwhile, Mrs. Austin obtained personal service •on defendant in her Louisiana suit for separation and the exception based on the Arkansas decree was filed by defendant ■on February 4, 1966.
The jurisdictional power to grant a divorce, strictly speaking, is founded on domicile. Turpin v. Turpin (La.App., 2 Cir., 1965) 175 So.2d 357 and cases cited therein. The lower court overruled the exception on the ground the Chancery Court of Columbia County, Arkansas, lacked the requisite jurisdiction to render a divorce since Austin had failed to establish he was domiciled in Arkansas at the time of the decree.
From the facts established on the trial of the exception we are in agreement with the trial judge that the Arkansas divorce is invalid and the exception was properly overruled.
On trial of the separation proceeding Mrs. Austin testified, relative to her allegations of cruelty and constructive abandonment, Mr. Austin had told her in September that if she did not leave the matrimonial domicile in Shreveport by October 1 he would. Mrs. Austin went to New Orleans intending to visit her parents for two weeks during which .time she testified she hoped their marital difficulties might be overcome. At that time she was approximately six-months pregnant. Her testimony that the intended return shortly was corroborated by that of three of her friends. While in New Orleans she was hospitalized and her husband visited her in the hospital but reiterated his desire that she not return to Shreveport.
Although counsel for appellant concedes Mr. Austin visited his wife in the hospital he does not agree with Mrs. Austin’s conclusion that her husband’s áctions at that time amounted to “constructive abandonment.” In brief before this court he argues that it is “more likely that Mr. Austin would make the trip to New Orleans to ascertain how his wife was; and upon arriving there once again discussing their difficulties, that the parties decided that it would be better if they split up.”
We find no evidence in the record to lend credence to this speculative conclusion. The trial judge concluded “the evidence adequately proves the abandonment *892 of the plaintiff by the defendant” and we agree with this conclusion.
Defendant does not specify error in the lower court’s award of custody of the minor or the amount fixed as alimony.
The judgment of the lower court is affirmed at appellant’s cost.
Affirmed.