SAMUEL, Judge.
This appeal involves a claim by a subcontractor for labor and materials furnished to the defendant as a general contractor. Suit was filed against the general contractor, Ashton H. Pardue, individually. He defends solely on the ground that he is not individually liable because he contracted with plaintiff as an agent for a corporation, A. H. Pardue, Inc. Based on a finding that the defendant had failed to prove the existence of the corporation for which he claimed he had acted as agent, and on a further finding that, assuming the corporation did in fact exist, credit nonetheless had been extended to defendant individually, the trial court rendered judgment in favor of plaintiff.
Defendant testified he first met plaintiff’s representative, Edward Cannon, when both were working in the same general area. At that time, at defendant’s request, Cannon submitted a bid on a job and the bid was accepted. Thereafter plaintiff acted as subcontractor on various jobs of Pardue’s.
Cannon testified he extended credit to Pardue individually and was not aware of the existence of a corporation bearing Par-due’s name. He produced numerous work sheets he had drafted to fill this customer’s *299 orders, all of which showed the job was for “A. H. Pardue”. These were not sent to the customer but were made out for inter-company use. While he explained these sheets were used in billing, the record reflects that only one of the invoices in suit ($339.46) was addressed by plaintiff to “A. H. Pardue”; all of the other four invoices in suit, constituting $1,585.08 of the total $1,924.54 sought to be recovered herein, were addressed to “A. H. Pardue, Inc.” Plaintiff’s witnesses failed to explain why the “Inc.” appeared on the four invoices when the work sheets from which they were prepared showed the customer as “A. H. Pardue”.
Defendant further testified he ordered from plaintiff as agent for the Pardue corporation and paid all jobs with corporation checks. A check drawn on the account of A. H. Pardue, Inc., payable to plaintiff, was introduced in evidence. It is signed for the corporation by James Pardue, identified by defendant as the corporation’s secretary-treasurer, and it predates any of the unpaid invoices in this suit. Defendant stated his general contracting business was advertised as a corporation because on each construction site where he worked he posted a sign “A. H. Pardue, Inc., General Contractor”. Such a sign was posted on the job to which plaintiff furnished the labor and materials for which this claim is brought. This testimony was uncontra-dicted.
With particular reference to the invoices in suit which the plaintiff addressed to the corporation, our review of the record convinces us that plaintiff extended credit to the corporation and not to the defendant individually. Under these circumstances, if the corporation in fact did exist, plaintiff has failed to establish a prima facie case against the individual defendant.
However, as the trial judge appears to have had some doubt relative to the actual existence of the corporation, as such an existence is part of an affirmative defense, and as the defendant by this appeal alternatively seeks a remand for the purpose of giving him an opportunity to prove that existence, we will remand accordingly. Under LSA-C.C.P. Art. 2164 an appellate court may remand a cause for the purpose of adducing evidence which would ultimately produce a just result. See Turpin v. Turpin, 175 So.2d 357.
For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for the sole purpose of taking evidence, to be offered by both litigants, material to the question of whether or not A. H. Pardue, Inc. existed as a legal corporation at the time credit was extended for the amounts in suit; if the corporation did exist at that time, plaintiff’s suit shall be dismissed; if the corporation did not exist at that time, there shall be judgment in favor of plaintiff in the amount sued for; assessment of costs to await a final determination.
Annulled, set aside and remanded.