BARHAM, Judge.
Plaintiff brought suit for divorce in the district court for the Parish of Caddo, alleging that he had been separated from his wife for more than two years and had been a resident of Louisiana for more than two years. Upon trial of the case it was established that plaintiff had been separated from his wife for more than two years— probably over 30 years. The trial judge held, however, plaintiff had failed to make factual proof of his residency in this State for at least two years preceding the action. From the trial court’s judgment denying the divorce, based on this latter finding, plaintiff has appealed. Defendant, a nonresident, is represented through an attorney for the absentee.
The following facts are not in dispute. Plaintiff was married to defendant in the State of Pennsylvania. He separated from the defendant in that state many years prior to the filing of this suit. He had moved to and was residing in Louisiana and was, in fact and in law, domiciled in Caddo Parish, Louisiana, at the time of the filing for divorce and for a considerable period of time prior thereto. We agree with the factual determination of the trial court that plaintiff had not made proof certain as to at least two years residence in Louisiana before the suit was filed.
The issue raised by brief on appeal is purely factual. However, even in the absence of the question being raised, argued or presented by brief, it becomes necessary for this Court to pass upon the legal issue of whether or not two years residence in the State of Louisiana is either a jurisdictional requirement or a substantive requirement for divorce when based upon the ground of two years living separate and apart provided by LSA-R.S. 9:301.
The original source for LSA-R.S. 9:301 is Act 269 of 1916:
“That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts of the State of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more.”
Act 31 of 1932 changed the requirement from seven to four years and changed the following wording of Act 269 of 1916:
“ * * * in the courts of the State of his or her residence, * * * ” to read “ * * * in the courts of his or her residence within this State, * * [1]
*411 Act 430 of 1938 followed the language of the 1932 Act except for the reduction of the required period of separation from four years or more to two years or more.
In connection with and adjunct to, the adoption of the Louisiana Code of Civil Procedure in 1960, Act 430 of 1938, which had become LSA-R.S. 9:301, was amended in 1960 to read as follows:
“When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce.”
The Code of Civil Procedure abolished the distinctions of “jurisdiction ratione materiae” and “jurisdiction ratione personae” and defined jurisdiction under the first ten articles of the Code of Civil Procedure and defined venue in Article 41, et seq., and special venue articles throughout the Code.
The pertinent jurisdictional article in the instant case is LSA-C.C.P. art. 10(7):
“A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.” (Emphasis supplied)
Comment (i) under this article notes the following:
“The exceptions referred to in Art. 10 (7) are those sanctioned by Civil Code Art. 142 and R.S. 9:301.”
The venue for divorce and separation proceedings is not defined by the general venue articles but is provided for specifically in LSA-C.C.P. art. 3941:
“An action for an annulment of marriage, for a separation from bed and board, or for a divorce, shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.”
“The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
The comments under Article 3941 discuss the fact that previously, other than for the general venue provision for suit at the domicile of the defendant, there were three other provisions regulating actions for separation or divorce: (1) Article 142 of the Civil Code, which was designed and enacted to afford special protection for women of our State, who after marriage establish their matrimonial domicile elsewhere, provided jurisdiction and forum for actions pertaining to their status upon their return to Louisiana; (2) LSA-R.S. 9:301, which provided venue “in the courts of his or her residence within the State”, and (3) LSA-R.S. 9:302, which provided that after a judgment of separation a final divorce could be obtained “from the same court.”
In Lepencer v. Griffin, 146 La. 584, 83 So. 839 (1919), a suit brought under the original act of 1916 requiring seven years living separate and apart, the plaintiff alleged that she was married in Memphis, Tennessee, and had last established a domicile with her husband in Chicago where his cruel treatment caused her to leave him. She then came to New Orleans where she resided for twelve years prior to the suit. The Supreme Court held that plaintiff, because of the cruel treatment by her husband, could establish a separate domicile, citing Smith v. Smith, 43 La. Ann. 1140, 10 So. 248, and quoting therefrom:
“Where such a separate domicile, based on lawful cause, is bona fide established by the wife, her marriage status be *412 comes subject to the jurisdiction of the courts of that domicile.”
The Court in Lepencer comments:
“ * * * the authorities are agreed that each state may determine, according to its own Constitution and statutes, the marital status of anyone residing within its territory.” (Emphasis supplied)
The Court finally held that “residence” as used in Act 269 of 1916 was not a casual, temporary, transitory type of residence but should be interpreted as “de facto et animo manendi.” Therefore, plaintiff, who had resided in Louisiana continuously separate and apart from her husband for the required period of time, was entitled to a judgment of divorce although the separation had occurred in another State and there was no matrimonial domicile within this State.
Wreyford v. Wreyford, 216 La. 784, 44 So.2d 867 (1950), brought under Act 430 of 1938, supra, presents the question, according to the majority, of whether a plaintiff “ * * * must initiate his (her) suit in the court of his (her) residence; or, whether that plaintiff has a choice of instituting suit in the court of his (her) residence, with the alternative choice of initiating suit in the court of the defendant’s domicile (which would be the proper forum for a personal action) or in the court of the matrimonial domicile (which would have jurisdiction of the res).”
In referring to Act 430 of 1938 as providing an additional ground for securing a divorce, the Court stated:
“In adding to the pre-existing substantive law on the subject a further basis for obtaining a divorce, the Legislature foresaw that there might be some question as to the proper forum, by the very nature of the substantive remedy it was according, and it specifically conferred on a plaintiff predicating his (her) action on the new, statutorily-established ground the privilege of adjudication in the forum of his (her) residence.”
“After considering Act No. 430 of 1938 in the light of the entire body of Louisiana divorce law, we conclude that it is illogical to prohibit a plaintiff whose cause of action arises under a ground established, or created, by statute from employing the procedure which is employed where the ground for the divorce has been established and created by the Civil Code, when it is in the plaintiff’s power to so employ that general procedure and there is no necessity for him to avail himself of the additional procedure permitted by Act No. 430 of 1938.”
The Court held that a plaintiff had three possible forums for a cause of action arising under Act 43 of 1938: (1) Plaintiff’s own residence; (2) the domicile of the defendant in Louisiana; (3) the last matrimonial domicile if it was in Louisiana. The dissent by Justice McCaleb in this suit would have limited plaintiff to one forum or venue and takes the position that “ * * * in the courts of his or her residence within this State, provided such residence shall have been continuous for the period of two years * * * ” clearly fixes the place in which such actions shall be brought and is exclusive, mandatory and not permissive. Justice McCaleb states:
“My answer to this is that the verb ‘may’ refers exclusively to the circumstances under which an action is allowable, i. e., when the spouses have lived separate and apart for two years or more, and has no relation to the place where suit is to be brought, * * He finally concludes:
“Furthermore, it is to be noted that the statute, after providing that the suit may be instituted in the court of plaintiff’s residence within the state, declares ‘provided such residence shall have been continuous for the period of two years * * *.’ Thus, it is seen that one *413 of the conditions precedent for obtaining the divorce is that the plaintiff prove that he or she has been residing within the jurisdiction of the court for a period of two years.”
Under Justice McCaleb’s reasoning the substantive or “grounds” portion of the statute would read:
“That when married persons have been living separate and apart for a period of two years or more, either party to the marriage contract may sue, * * * for an absolute divorce, which shall be granted on proof of the continuous living apart of two years or more.”
The omitted portion, “ * * * in the courts of his or her residence within this State, provided such residence shall have been continuous for the period of two years, * * * ” is treated by both the majority and Justice McCaleb as establishing procedure, forum or venue, and being non-substantive, therefore not a part of the grounds. Justice Hawthorne in his dissent quotes the statute and says:
“To me this simply means that the parties to the marriage contract must live separate and apart for a period of two years, and that the party instituting the suit must bring the action in the court of his residence within this state, provided such residence has been continuous within the jurisdiction of that court for a period of two years.”
Justice Hawthorne’s statement seems to clearly and categorically interpret “living separate and apart” as the ground and “continuous residence within the jurisdiction of the court” as being procedural or establishing forum or venue, but his dissent holds that the statute limits its benefits to plaintiffs.
In Davidson v. Helm, 222 La. 759, 63 So. 2d 866 (1953), again under the 1938 Act which at that time had become LSA-R.S. 9:301, the plaintiff had married the defendant in Louisiana and they established their matrimonial domicile in the Parish of Orleans, where they voluntarily separated after three days of marriage. The defendant continued to reside in Orleans Parish, but on the date of separation the plaintiff, who had been domiciled in Biloxi prior to the marriage, returned to Mississippi' where she lived separate and apart from her husband for more than two years. After stating that the court could not see what difference her residence in another state would make, the majority stated:
“She had acquired the substantive right of an absolute divorce granted under the statute by reason of her continuous living separate and apart from her husband for two years or more and she had the right to enforce it by bringing suit against him in the Court of his domicile or that of the last matrimonial domicile.”
Justice Hamiter in a concurring opinion, concluding with the majority but grounding the conclusion upon other reasons, states unequivocally that the majority opinion would not require continuous residence in the State of Louisiana for two years so long as one of the parties was domiciled in Louisiana at the time of filing for divorce.
Justice McCaleb, in his dissent, cites Laplace v. Briere, 152 La. 235, 92 So. 881 (1922), and Dodds v. Pope, 152 La. 397, 93 So. 198 (1922), for the proposition that residence within the State required by Act 269 of 1916 was “jurisdiction ratione materiae” and substantive and not “jurisdiction ratione personae” and procedural, which I find in conflict with his expressed view in Wreyford v. Wreyford, supra.
In Steere v. Marston, 228 La. 94, 81 So.2d 822 (1955), Justice Hamiter, who had concluded with the majority in the Wrey-ford and Davidson cases, supra, answers the appellant as follows:
“Assuming for the sake of argument, and for that purpose only, that in order for the Orleans Parish Court to legally enter *414 tain the divorce action plaintiff was required (as defendant contends) to reside continuously for two years prior to the suit’s filing within the jurisdiction of such tribunal, the evidence preponderately discloses that the requirement was satisfied.” (Emphasis supplied)
In Nugent v. Nugent, 126 So.2d 387 (La. App.2d Cir., 1960), defendant excepted to “jurisdiction ratione materiae” and “jurisdiction ration personae” alleging the marital domicile and the domicile of the defendant had been and were at time of suit in another parish, and that plaintiff had not maintained continuous residence within Caddo Parish for more than two years. The court’s judgment and determination that Caddo Parish was the proper forum actually treated the continuous residence in Caddo Parish as “jurisdiction ratione personae”, or venue, and not as jurisdiction, properly speaking.
In Bruney v. Bruney, 231 La. 624, 92 So. 2d 388 (1956), it is difficult to determine whether the court denied relief to plaintiff because of his failure to prove present Louisiana domicile or his failure to prove residence in this State for two years next preceding the suit.
The Bruney case, did not cite or overrule Wreyford or Davidson, supra. The court actually reached an equitable judgment in the Bruney case for it dealt with a plaintiff who obviously was attempting to avoid laws of one state and select a favorable forum. Bruney, by not following or tracking previous decisions and by using the language “next preceding”, appears to be an exception to the majority holding in both Wrey-ford and Davidson as well as an exception to opinions previously expressed by individual members of the court as authors of opinions, concurrences or dissents.
The only case interpreting LSA-R.S. 9:301 since its amendment in 1960 is Thomas v. Thomas, 144 So.2d 612 (La.App. 4th Cir., 1962), and the court held that an action for divorce, grounded on living separate and apart for two years as provided therein, required domicile of either the plaintiff or the defendant even though the last matrimonial domicile had been in Louisiana. A New York domiciliary brought this action against his wife, who was also a non-resident of Louisiana, alleging that they had lived separate and apart for more than two years. Both husband and wife had maintained, for more than two years immediately following the separation, separate domiciles within our borders, but neither were domiciliaries at the time of suit. The husband filed suit for divorce under LSA-R.S. 9 :301. The case affirms that the United States Constitution sine qua non for due process is that at least one of the parties to the marital contract be domiciled in the state at time of filing suit to vest jurisdiction in the courts thereof. Neither the facts nor holding in that case are pertinent for present use but the analyses made under LSA-R.S. 9:301, LSA-C.C.P. art. 10(7) and LSA-C.C.P. art. 3941 are helpful. The court referred to the present LSA-R.S. 9:301 and stated:
“The above quoted statute makes no jurisdictional requirement; however, when this statute is read in connection with LSA-C.C.P. Article 10(7), it becomes apparent that a Louisiana domicile is required.”

“In addition to fulfilling the substantive requirement for a ground for divorce, the plaintiff must meet the procedural requirement. The plaintiff has the ground for a divorce as required by the substantive law [LSA-R.S. 9:301], but he lacks domicile as required by LSA-C. C.P. art. 10(7).”
Further quoting from the Thomas case:
“Traditionally, at least one of the parties, the plaintiff or defendant, must be domiciled in this state, at the time the action is brought, for our courts to have jurisdiction. LSA-C.C.P. Article 10(7) is a restatement of this jurisprudential rule. The words of this article ‘except as other *415 wise provided by law’ do not refer to the domiciliary requirement but rather is (sic) a qualification of the general rule that ‘the grounds therefor [divorce or separation from bed and board] were committed or occurred in this state, or while the matrimonial domicile was in this state’, and these exceptions are those contained in LSA-C.C. Article 142 and LSA-R.S. 9:301. There is no exception to the requirement of domicile of either the plaintiff or defendant for the courts of this state to acquire jurisdiction ra-tione materiae in an action for divorce or separation from bed and board.”
The issue to be resolved in the case before us is the legal effect of and relationship between LSA-R.S. 9:301, LSA-C.C.P. art. 10(7) and LSA-C.C.P. art. 3941. The jurisdiction article applicable to this case is LSA-C.C.P. art. 10(7). That section first provides for the constitutional requirement for due process that the domicile of one of the parties must be within this State and then provides additional jurisdictional requirements for the actions of separation or divorce in Louisiana, “except as otherwise provided by law.” The comment to LSA-C.C.P. art. 10(7) states that these exceptions intended are LSA-C.C. art. 142 and LSA-R.S. 9:301. Thomas v. Thomas, supra, lists the same articles as being exceptions to the requirement for the additional jurisdictional features.
If LSA-R.S. 9:301 is an exception which does not require that “the grounds therefor were committed or occurred in this state or while the matrimonial domicile was in this state”, then the trial court herein had jurisdiction. Plaintiff’s domicile in Louisiana, and his cause of action arising under R.S. 9:301 requiring only the living separate and apart for two years, would satisfy the jurisdictional requirements for Louisiana courts.
LSA-R.S. .9:301, through its evolvement both jurisprudentially and legislatively, has deleted the requirement that the two years of living separate and apart must have been accumulated while one of the spouses was living in this State. Prior to the legislative change in 1960 the Wrey-ford and Davidson cases, supra, had, at least by language and dictum if not in fact, eliminated the requirement that the two years living separate and part should have elapsed while at least one party was a continuous resident of this State. Over the years the courts of Louisiana have more liberally entertained jurisdiction in separation and divorce actions and there has been a general erosion of the stringent requirements for jurisdiction. George v. George, 143 La. 1032, 79 So. 832 (1918); Clark v. Clark, 145 La. 740, 82 So. 875 (1919); Wreyford v. Wreyford, supra; Davidson v. Helm, supra.
If the jurisprudence prior to 1960 had not established de facto, it had established the trend, that jurisdiction in actions for divorce grounded upon living separate and apart for two years under R.S. 9:301 would be entertained so long as the real, in fact, and legal domicile of one party was in the State at the time of the filing of suit. The amendment of LSA-R.S. 9:301 by the 1960 Legislature gave legislative sanction and authority to prior jurisprudence, and the Legislature’s explicit edict in the article is unambiguous.
The Legislature had in an earlier act in 1960, under LSA-C.C.P. 3941, already provided venue for divorce in all instances so that the need for a provision designating forum within LSA-R.S. 9:301 no longer existed and was omitted. The jurisdictional article related to divorce, LSA-C.C.P. art. 10(7), requires only domicile in the exception where a wife returns to this State to seek the aid of our courts under LSA-C.C. art. 142, and in the exception where two parties have lived separate and apart for more than two years under LSA-R.S. 9:301.
The explanatory note under LSA-R.S. 9:301 by the late Professor Henry George *416 McMahon, for whom we have the highest regard and respect, is a personal note or comment by him, which by its tenor and his statement therein does not reflect the majority view of the redactors of that piece of legislation. The failure of the Legislature to adopt an amendment proposed and presented to it for the purpose of reinstating “two years residence” in LSA-R.S. 9:301 is also indicative of legislative intent. McMahon contends that the additional requirements in LSA-C.C.P. art. 10(7) must be read into LSA-R.S. 9:301.
This Court cannot conclude that “living separate and apart continuously for a period of two years or more” can be categorized under either of the additional jurisdictional requirements contained in LSA-C.C.P. art. 10(7). The first requirement is expressed by the words “grounds therefor were committed or occurred in this state” (emphasis supplied). These words defy application to “living separate and apart for a period of two years.” Both verbs, were committed and occurred indicate instantaneous, immediate happenings and have no meaning in our language for events of long and continuing time lapses unless modified to particularly show such application. Specifically, occur refers to an incident or event:
OCCUR: To meet one’s eye; to be found or met with; to present itself; to appear; hence, to befall in due course; to happen. Black’s Law Dictionary, (4th Ed. 1957); Webster’s New International Dictionary (2d Ed. 1956).
It seems superfluous to comment that one can hardly commit “living separate and apart continuously for a period of two years or more”.
It cannot be contended that the second requirement under LSA-C.C.P. art. 10(7) “ * * * while the matrimonial domicile was in this state * * * ” was intended to apply to LSA-R.S. 9:301. Neither the Legislature nor the jurisprudence have ever indicated any such requirement.
When an article is unambiguous, complete in meaning and without need for interpretation, as is LSA-R.S. 9:301, the comments thereunder are of no legal significance. This article enhances and attaches to the jurisdiction article, LSA-C.C.P. art. 10(7), and sets forth a ground which our Legislature and our State believe to be of such benefit to citizens (dom-iciliaries) within our borders, that other restricted jurisdictional demands are not required.
States are authorized to legislate the grounds or causes for severing the marital contracts of parties or a party thereto domiciled within their borders, and may provide what they believe to be the best legislation for the stability of marriage, the dissolution of the same, the peace, tranquility, and general protection of individual citizens, and for the welfare of society. The causes for divorce vary greatly throughout the country. Most states, including Louisiana, do not favor the use of their courts and laws to abort or avoid the effect of laws of other states.
The special jurisdictional requirements other than domicile under LSA-C.C.P. art. 10(7) are for this purpose. Our Legislature has found it appropriate to make an exception to these requirements under LSA-C.C. art. 142 because of its interest in the protection of womanhood. In its wisdom with a realization of the transitory, transient, mobile society in which we live, and apparently noting the great difficulty of maintaining permanence of residence by reason of occupation, trade or profession, our Legislature has bestowed upon its citizens who have a de facto, real and legal domicile in this State and who meet the requirements for divorce under LSA-R.S. 9:301, the right to demand judgments of divorce without other jurisdictional requirements. There is no *417 question of full faith and credit being given to such judgments.[2]
The requirements that spouses live separate and apart for two years and that at least one spouse have residence “de facto et animo manendi” are sufficient desiderata to allay the fears of some that our courts will become “divorce mills” or be used to avoid restrictions and sanctions provided by laws of other states.
It is this court’s finding and holding that with a domicile in this State as required for jurisdiction by LSA-C.C.P. art. 10(7) and proper venue within a parish as required by LSA-C.C.P. art. 3941, the clear and unambiguous language of LSA-R.S. 9:301 authorized the district court in the instant suit to grant the appellant an absolute divorce on the uncontroverted evidence of having lived separate and apart from the defendant for more than two years.
We hold that inquiry into whether or not the plaintiff has been a resident of either Caddo Parish or Louisiana for two years is unnecessary since we find sufficient proof and evidence that the plaintiff has satisfied jurisdiction and venue requirements by being a long-time resident and a legal domiciliary of both the parish and' state and living separate and apart from his spouse for more than two years.
The attorney for the absentee has been required to furnish additional services in the prosecution of this appeal. This Court, therefore, finds it necessary to assess the additional sum of $100.00 for this service.
The judgment of the lower court is reversed and annulled, and,
It is therefore ordered, adjudged and decreed that there be judgment herein in favor of plaintiff decreeing a divorce “a vinculo matrimoni” between James A. Hinchey, Sr. and Gertrude Byrne Hinchey; and,
It is further ordered that the attorney for the absentee be paid the sum of One Hundred Thirty-five and No/100 ($135.00) Dollars for his services; and,
It is further ordered that all costs are to be paid by the appellant.
Motion to dismiss overruled and rehearing refused.

. Dodds v. Pope, 152 La. 397, 93 So. 198 (1922) questioned whether the language of Act 269 of 1916 made the act extra-territorial and therefore unconstitutional. Although the court interpreted the Act to be constitutional, the 1932 legislature corrected the language to correspond with the court’s interpretation.

. 14 La.L.Rev. 114, Robert A. Pascal, Associate Professor of Law, Louisiana State University, speaking of Davidson v. Helm states in strong language: “This decision is without doubt erroneous in its interpretation of Revised Statutes 9:301; it repeats grave errors committed in the decisions of Wreyford vs. Wreyford and Latham vs. Latham, decided in the 1949-50 term ; it resulted in a judgment which, it is submitted, is not entitled to full faith and credit in any other state, and which, the writer believes, is not valid under the United States Constitution.” (Latham v. Latham, 216 La. 791, 44 So. 2d 870 (1950) [citation supplied]).
However see 14 La.L.Rev. 163, Joseph Dainow, Professor of Law, Louisiana State University: “The Louisiana two year divorce statute was interpreted in the case of Davidson vs. Helm as permitting a non-resident spouse * * * to institute suit in Louisiana against the resident spouse in the court of the defendant’s domicile. Although two justices dissented on this interpretation of the statute, there was no question in the court’s mind about the state’s legislative competence to enact such law; nor is there any doubt that the instant decree would be given full faith and credit in other states of the Union.”