LEAR, Judge.
This expropriation suit comes to us by virtue of our granting a writ of certiorari in order to pass upon what we deem to be an important question of law.
The State of Louisiana, through the Department of Highways, instituted this suit on May 20th, and service was made upon the defendant on May 24, 1966. Under the mandate of R.S. 48:441-460, the plaintiff deposited $21,000 into the registry of the court, which sum it believed to be the fair value of the defendant’s property which was expropriated.
By virtue of R.S. 48:450 and 452, if the defendant wished to seek additional compensation for this property expropriated by the state, he was required to file an answer to this suit within thirty (30) days from the date on which he was served with “notice”. In the event he fails to answer timely he thereby “waives” his right of action for additional compensation.
The defendant did not file his answer until October 7, 1966 (more than thirty days after service of process on him) and concededly, he thereby lost that right of action. He then went to the legislature and secured the passage of Senate Concurrent Resolution No. 23. The purpose of the resolution was to allow the defendant until December 31, 1967, to file his answer in the pending suit. Directly thereafter, the Department of Highways filed a “Petition for Final Judgment”. The defendant answered the petition resting his right to have his action for additional compensation judicially determined upon the Senate Concurrent Resolution (hereinafter referred to as the Resolution). The trial judge rejected the plaintiff’s demands and dismissed its petition for final judgment. As a result, the plaintiff sought for and obtained from this court a writ of certiorari.
The outcome of this case rests upon the effect and legality of the Resolution passed by both houses of the Louisiana Legislature. Pertinent parts of that resolution read as follows:
* * * Wilburn W. Terral is hereby authorized to proceed with an answer and claim for additional compensation against the State of Louisiana through the Department of Highways in Suit No. 67320, filed in the .Ninth Judicial District of the State of Louisiana, upon his alleged claim for additional compensation due to the expropriation of • certain lands, with improvements thereon by the State of Louisiana, through the Department of Highways. * * *
Be It Further Resolved that the State of Louisiana, through the Department of Highways hereby waives and renounces prescription or preemption and shall not be entitled to file a plea of prescription or preemption barring said suit, provided that any proceeding instituted under the authority of this Resolution shall be filed by or not later than December 31, 1967* * *
* * * [T]he effect of this authorization shall be nothing more than a waiver and renunciation of prescription and preemption and a waiver and renunciation of the state’s immunity from suit and liability insofar as the proceedings herein authorized are concerned.
The trial judge, recognizing the question as one of “novel impression”, wrote a lengthy, thorough opinion analyzing the various constitutional provisions and applicable statutes defining and outlining the respective rights and obligations of the parties.
He recognized that:
“It appears to be well settled that the provisions of the cited statute providing for the filing of an answer within 30 days is mandatory and that failure of a property owner to file his answer within such delay precludes his making claim for any compensation over and above the amount therefor deposited with the notice of taking. State of Louisiana through the *310 Department of Highways v. Jackson Brewing Co., La.App., 146 So.2d 504; State v. Higgins, La.App., 135 So.2d 306, and State v. Cefalu, La.App., 153 So.2d 605.”
However, he proceeded to hold that the defendant’s entitlement to the true value of his property was a cause of action granted him by Article 1, Section 2, of the Louisiana Constitution; that the failure to timely file his answer merely destroyed his right to assert this cause; but that the legislature, by resolution, could restore this right to him.
In line with this reasoning, the trial court held that the Department’s petition for final judgment was nothing more than a plea of prescription or peremption, which had been waived by the Senate Concurrent Resolution. It thereupon rejected the demands of such petition and overruled the Department’s exception to the constitutionality of Senate Resolution No. 23 of 1967 and exception of no cause of action.
Plaintiff applied to this court for writs of certiorari, prohibition and mandamus, which were granted because of the novelty and importance of the question.
Defendant’s position, simply stated, is that his demand for an increased evaluation in his answer is nothing more than a recon-ventional demand and if not timely filed it prescribes. His argument then runs that by virtue of Article 3, Section 35, of the Louisiana Constitution, the legislature may, by joint resolution, waive such prescription and allow his suit to become viable. He points out that this is exactly what has happened and asks that the trial to assess valuation continue.
However, defendant can take no comfort from Article 3, Section 35. That constitutional provision obviously deals only with those matters in which the state enjoys sovereign immunity from both suit and liability in the absence of a waiver thereof. This case j ust as obviously does not fall into that category. The state enjoys immunity from neither suit nor liability when property is taken by it. Article 1, Section 2, and Article 6, Sections 19 and 19.1, of the Louisiana Constitution.
If defendant truly desires to have us apply Article 3, Section 35, to this matter, we feel that it should be applied in its entirety rather than piecemeal in defendant’s favor. If we applied it in its entirety, we would of necessity invoke that section which says :
“No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for payment thereof.”
Of course, this would be impossible here inasmuch as defendant has been paid $21,000 on any such judgment, and we feel sure that he would object if this provision was utilized in the event any judgment for overplus were awarded him. Suffice it to say that this action is predicated upon L.R.S. 48:450, which in turn is predicated upon Article 6, Section 19.1, of the Louisiana Constitution, and that Article 3, Section 35, has no applicability in this matter.
It may be that the State of Louisiana has inherent power to waive any prescription or peremption which has accrued in its favor, but it certainly cannot, by special legislation, grant one man any special or exclusive right, privilege or immunity. Louisiana Constitution, Article 4, Section 4.
As announced by the trial judge, it is well settled that the conditions imposed by L.R.S. 48:450 are mandatory. See cases cited in quotation above. Furthermore, we feel that a defendant who does not file his answer and reconventional demand within the required thirty days has done more than forfeit his right of action, but has waived or abandoned his cause of action. To hold otherwise would be to allow the holding of these matters open for an indefinite period of time, making the projection of the Highway Department budget an impossibility. The law was never designed for such a result.
*311 Concluding that defendant waived and abandoned his cause of action and had acquiesced in the offer of the Department by withdrawing the déposit from the registry of the court, it then becomes apparent that any attempt by the legislature to revitalize a defunct cause of action would not only be special legislation reprobated by Article 4, Section 4, of our Constitution, but would he contrary to the terms of the resolution itself. See that portion quoted above wherein it was specifically said that nothing therein should be construed as conferring upon Wilburn W. Terral different or greater claim or cause of action than was had before adoption of said resolution.
There is another factor not considered by the defendant. Under this unique procedure, the land had already been expropriated by the state. The only thing left to be done to execute this judgment was the signing of the final judgment for proper recordation. In other words, after thirty days had passed without an answer, the execution of the judgment would have been complete upon the signing by the judge of the judgment presented him by attorneys for plaintiff. Any appeal after that would have been a patent frivolity. The only thing that stopped such signing was the advent of the Joint Resolution.
However, Article 4, Section 4, also provides that the legislature shall not pass any special law which regulates the practice of any court or changes methods for the enforcement of judgments. If this resolution had not been passed by the legislature and offered into evidence by the defendant, this judgment of expropriation would have been enforced by the ordinary method — that is, the mere signing of the final judgment. However, the resolution changed this method and this had the effect of throwing such resolution squarely into conflict with Article 4, Section 4.
Therefore, we have concluded that defendant’s failure to conform to L.R.S. 48:450 was a waiver or abandonment or relinquishment of that cause of action he enjoyed previously; that plaintiff’s petition for final judgment was merely a motion for judgment on the pleadings; that the resolution did not and could not serve to reestablish a defunct cause of action or prevent the execution of the judgment of expropriation previously entered, and hence said petition for final judgment should have been entertained and the final judgment entered.
For the reasons above set forth, the judgment of the district court overruling the exception of no cause of action filed by the Highway Department is hereby reversed and said exception is maintained. Defendant Wilburn W. Terral to pay all costs.
Reversed and rendered.
FRUGÉ, J., dissents and CULPEPPER, J., dissents for same reasons assigned by FRUGÉ, J.