REDMANN, Judge.
In this expropriation suit initiated under the quick-taking statute, R.S. 48:441-460, defendant landowners appeal from a judgment maintaining plaintiff’s motion to strike defendants’ answer (alleging inadequacy of compensation) as untimely filed and decreeing the amount deposited by plaintiff adequate compensation.
R.S. 48:450 provides that where an entire lot is taken a defendant “may apply for a trial” on market value provided he files answer within 30 days of service of notice of taking.
Prior to its amendment by Acts 1968, No. 117, R.S. 48:452 provided that a defendant’s failure to file answer timely “constitutes a waiver of all his defenses to the suit.” The jurisprudence has interpreted the statute as mandatory, making untimely answer ineffective to place adequacy of compensation at issue; State v. Jackson Brewing Co., 146 So.2d 504 (La.App.1962), cert. denied.
The issue is whether the 1968 Act amending R.S. 48:452, adopted after defendants’ then untimely answer but before plaintiff moved to strike it and asked final judgment, constitutionally allows defendants’ answer and litigation of adequacy of compensation. Plaintiff argues the Act violates Const. art. 1, §§ 1 and 2, separation of powers; art. 4, § 4, as a special law which regulates the practice of any court or changes methods for the enforcement of judgments; and art. 3, § 16, requiring an Act to state its single purpose.
The Act (omitting severability and re-pealer clauses) and its title read:
“AN ACT
“To amend and re-enact Section 452 of Title 48 of the Louisiana Revised Statutes of 1950, relative to expropriation suits brought by the State Department of Highways, to provide for judgment by default, confirmation of the default judgment and the filing of answers prior to the confirmation ; and to provide that the provisions of this law shall be applicable to all such suits hereafter filed and to all such suits now pending in which final judgment has not been rendered.
“Be it enacted by the Legislature of Louisiana:
“Section 1. Section 452 of Title 48 of the Louisiana Revised Statutes of 1950 is hereby amended and re-enacted to read as follows:
“§ 452. Entry of default judgment; filing of answer before confirmation of default
“Upon failure of the defendant to answer within the times prescribed by Section 450 or Section 451 of this Part, as the case may be, judgment by default may be entered against him. This judgment must be confirmed as in other civil suits and, notwithstanding the periods within which answer is to be filed as prescribed by Section 450 or Section 451, the defendant may file his answer at any time prior to the confirmation of a default judgment against him.
“In order to confirm a default it shall not be necessary for the department to take the testimony of its appraisers but in lieu thereof their appraisal reports shall be filed in evidence and shall consti *555 tute prima facie proof of the compensation due defendant.
“After the answer has been filed in accordance with this Section or Sections 450 or 451, the department may fix the case for trial and the clerk of court shall thereupon issue a notice to each defendant of the time fixed for the trial. This notice shall be served at least twenty days before the time fixed for trial and in the same manner provided for the service of citations.
“Section 2. The provisions of R.S. 48:452, as amended by this Act, shall apply to all expropriation suits filed under the provisions of this Part after July 31, 1968 and to all such suits pending on such date in which final judgment has not been rendered. In the case of pending suits in which answers have not been filed or, if filed, were not filed within the periods prescribed in R.S. 48:450 or R.S. 48:451, judgment by default may be rendered against the defendant and confirmed after the delays required in other civil suits, and answers which are filed or re-filed prior to such confirmation shall be timely.”
This Act, especially § 2, requires only a reading to show its applicability here, where plaintiff’s suit was one in which final judgment had not been rendered.
We approach the constitutional question with a presumption in favor of constitutionality; State ex rel. Porterie v. Grosjean, 182 La. 298, 161 So. 871 (1935); Johnson v. Collector of Revenue, 246 La. 540, 165 So.2d 466 (1964).

Art. 2, §§ 1 and 2

Plaintiff argues the Act is an attempted legislative exercise of judicial function, “an interference with a pending case while in the process of litigation.”
Plaintiff cites Steere v. Marston, 228 La. 94, 81 So.2d 822 (1955), and State Licensing Bd. for Con. v. State Civil Ser. Com’n, 240 La. 331, 123 So.2d 76 (1960).
The latter case offers no guidance because it involved an attempt by legislative resolution to construe an earlier Act of the Legislature, a judicial function not here involved.
Steere was an appeal from a divorce and partition of community judgment rendered by a court not at the matrimonial domicile. Pending appeal a general legislative Act provided that partition suits should be instituted at the last matrimonial domicile, and “This Act shall be retroactive and remedial and shall apply in all instances where a judgment * * * has not become final.” The majority stated that to interpret the act to require reversal would unconstitutionally allow “an exercise by the Legislature of power properly belonging to the judiciary.” 81 So.2d at 825. One of three concurrers, viewing the statute as inapplicable in terms, footnoted that the majority view’s result is that “the appellate court has a vested right in not having the law changed during the pendency of an appeal.” In any case, we note that here no judgment had been rendered by the trial court, and our Act does not purport to order one trial court to annul its finished business and let the matter be retried elsewhere; nor does our Act deprive private litigants of a judgment already obtained from a court.
The judicial branch of government cannot pretend to have power to nullify an admittedly constitutional act of the Legislature like R.S. 48:452 as originally enacted. That power rests exclusively in the Legislature and its exercise by the Legislature is not usurpation of judicial function.

Art. 4, § 4

Nor do we find Acts 1968, No. 117, to be a special act regulating court practice or judgment enforcement.
*556 The Act here is not a special law; it operates uniformly as to all persons within the class it affects; Knapp v. Jefferson-Plaquemines Drain. Dist., 224 La. 105, 68 So.2d 774, 777 (1953).
Every person against whom final judgment has not been rendered is included in the benefit of the Act. (The carving of this classification appears to have respected rather than ignored the separation of powers.)
Plaintiff cites State, Dept. of Hwys. v. Terral, 206 So.2d 307 (La.App.1968), cert. denied 251 La. 939, 207 So.2d 540. There a legislative resolution naming T erral alone purported to waive the State’s prescription or peremption. The court did state a unique view that the special resolution would change the method of enforcement of judgments in violation of art. 4, § 4: “This judgment of expropriation would have been enforced by the ordinary method — that is, the mere signing of final judgment.” 206 So.2d at 311; emphasis added. We disregard this as obiter dictum. The evident ratio was stated by the court at 206 So.2d 310:
“It may be that the State of Louisiana has inherent power to waive any prescription or peremption which has accrued in its favor, but it certainly cannot, by special legislation, grant one man any special or exclusive right, privilege or immunity. Louisiana Constitution, Article 4, Section 4.” (Emphasis added to the words of cl. 13 of art. 4, § 4.)
Act 117 of 1968 is not a special act and therefore no provision of art. 4, § 4, renders it invalid.

Art. 3, § 16

Plaintiff argues that one result of Acts 1968, No. 117, § 2, is a purported repeal of R.S. 48:450, which is a purpose not stated in the Act’s title.
R.S. 48:450 provides for filing an answer contesting adequacy of compensation within 30 days of notice of taking. That remains the law today, unrepealed by the Act in question. The Highway Department can still obtain final judgment on failure of an owner to answer within the 30-day period of § 450, although it now must first take a default judgment. To the extent that the 1968 Act modifies the substance of R.S. 48:450 by requiring default and allowing answer prior to confirmation of default, its title (set forth above) does indicate that purpose.
Plaintiff further argues that the Act has two purposes rather than one, in violation of art. 3, § 16: (1) providing for a default judgment and (2) amending R.S. 48:450 and 451 to permit further delay for answering. But the very concept of default judgments ordinarily includes the added delay incident to later confirmation and the right to answer at any time prior to confirmation; see C.C.P. arts. 1701-2 and 1002. We conclude the Act has but one purpose, namely to make the near-universal default procedure applicable to contests over adequacy of compensation in expropriation suits.
We conclude that none of plaintiff’s attacks on the constitutionality of Act 117 of 1968 justifies the trial court’s refusal to give that Act effect in this proceeding. Under that Act, plaintiff was plainly not entitled to a final judgment in this matter since defendants had filed an answer which that Act placed it beyond the court’s power to strike.
The judgment appealed from is reversed and the matter remanded.
Reversed and remanded.